**GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 271-6469
Facsimile:  (415) 449-6469

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK HANSEN, as an individual, on behalf of himself, the general public and those similarly situated,<br><br>    Plaintiff,<br><br>        v.<br><br>TICKETMASTER ENTERTAINMENT, INC. and LIVE NATION ENTERTAINMENT CO.,<br><br>    Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; UNJUST ENRICHMENT; BREACH OF CONTRACT; and CONVERSION**<br><br>JURY TRIAL DEMANDED |

**INTRODUCTION**

1.      Plaintiff Derek Hansen, by and through his counsel, brings this class action against Defendants Ticketmaster Entertainment, Inc. and Live Nation Entertainment Co. to seek redress for Defendants' deceptive practices relating to their sale of live events tickets and refusal to provide refunds for live events that have been rescheduled or postponed.

2.      Prior to the coronavirus outbreak and at the time that Plaintiff and Class Members purchased event tickets from Ticketmaster Entertainment, Inc., a division of Live Nation Entertainment Co., Ticketmaster assured customers that Ticketmaster would refund ticket purchase prices "if your event is postponed, rescheduled or canceled." After the coronavirus outbreak forced the cancelation or postponement of most large events and public gatherings, Ticketmaster retroactively revised its policies applicable to the prior ticket sales to allow for refunds only for canceled events, not postponed or rescheduled ones, including when postponed events are "indefinitely" postponed. Yet, Live Nation's president recently predicted that live events will not occur again until fall 2021 at the earliest.

3.      Plaintiff brings this action on behalf of himself and a class of similarly situated individuals who have not been provided refunds for the ticket purchase price, including fees and costs, for postponed or rescheduled events, since in response to apparent liabilities they would incur stemming from the coronavirus outbreak, Defendants sought to retroactively change their policies for refunds for ticket sales. Defendants have quietly sought to force their buyers to endure the financial losses that Defendants would suffer in the entirely foreseeable scenario that world occurrences would cause the simultaneous cancellation of numerous public events.

4.      Plaintiff seeks an order against Defendants awarding damages, injunctive relief and restitution and requiring Defendants to, among other things: (1) reverse the unlawful changes they have sought to make to their refund policy as it relates to tickets purchased prior to March 30, 2020; (2) prohibit Defendants from refusing to offer refunds to any Class member who purchased a ticket to an event that has been postponed or rescheduled; and (3) pay damages and restitution to Plaintiff and Class members.

**PARTIES**

5.      Derek Hansen ("Plaintiff") is, and at all times alleged in this Class Action Complaint was, an individual and a resident San Francisco, California.

6.      Defendant Ticketmaster Entertainment, Inc. ("Ticketmaster") is a Delaware corporation headquartered in Beverly Hills, California. Defendant maintains its principal place of business at 9348 Civic Center Drive, Beverly Hills, California 90210. Ticketmaster is a division of Live Nation Entertainment Co. Ticketmaster, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the United States and/or State of California.

7.      Defendant Live Nation Entertainment Co. ("Live Nation") is Delaware corporation headquartered in Beverly Hills, California. Defendant maintains its principal place of business at 9348 Civic Center Drive, Beverly Hills, California 90210. Live Nation, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the United States and/or State of California.

8.      Ticketmaster and Live Nation are referred to collectively herein as "Defendants."

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) because: (i) there are 100 or more class members, and (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs.

10.     This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

11.     The injuries, damages and/or harm upon which this action is based, occurred or arose out of activities engaged in by Defendants within, affecting, and emanating from, the State of California. Defendants regularly conducts and/or solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from services provided to persons in the State of California. Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California. Defendants' wrongful acts

and omissions occurred in California and were carried out and directed from Defendants' California headquarters by California personnel over California technological infrastructure.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the state of California, including within this District.

13.     In accordance with California Civil Code Section 1780(d), Plaintiff concurrently files herewith a declaration establishing that he purchased concert tickets from Ticketmaster in San Francisco and/or Foster City, California. (Plaintiff's declaration is attached hereto as Exhibit A.)

14.     Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

15.     Ticketmaster is an online seller of event tickets. Ticketmaster acts as the agent to those who provide events, such as promoters, venues, teams, and artist representatives. Ticketmaster processes more than $30 billion in ticket sales to live events each year.

16.     Live Nation is the nation's largest concert promoter and Ticketmaster processes sales to Live Nation events. In addition to the ticket fee, Ticketmaster charges consumers service fees, processing fees and other fees, such as delivery fees, to purchase and use event tickets.

**Ticketmaster's User Agreement**

17.     Ticketmaster's website contains a Terms of Use. Various iterations of the Terms of Use have purported to bind users to them through assent when creating an account and/or purchasing tickets with language substantially similar to the following: "By continuing past this page and clicking 'Place Order,' you agree to our Terms of Use."

18.     Each version of Ticketmaster's Terms of Use (including the version of the Terms of Use that applies to the claims in this case) have explicitly incorporated the Purchase Policy into their terms using language substantially similar to the following: "Our Privacy Policy, Purchase Policy, and any other policies, rules or guidelines that may be applicable to particular offers or features on the Site are also incorporated into these Terms." The Terms of Use also provide the following: "Please review our Purchase Policy, which (in addition to these Terms) will govern

1   your purchase of any tickets or other products through the Site, including any refunds or

2   exchanges."

3          19.    Defendants' Terms contain unconscionable provisions that purport to retain the

4   right to make changes to the Terms of Use by using language substantially similar to the

5   following: "We may make changes to these Terms at any time. Any changes we make will be

6   effective immediately when we post a revised version of these Terms on the Site. The 'Last

7   Updated' date above will tell you when these Terms were last revised. By continuing to use this

8   Site after that date, you agree to the changes."

9          20.    The Terms of Use purport to bind the user to the agreement with both of the

10  named Defendants. Thus, according to Defendants, the Terms of Use, Purchase Policy, and other

11  policies, rules, and guidelines provided on the Ticketmaster website are applicable to any

12  purchases of tickets from the Ticketmaster website.

13  **<u>Defendants' Policies for Providing Refunds</u>**

14         21.    Some of the rules and guidelines applicable to the sale of tickets on the

15  Ticketmaster website are provided in Ticketmaster's FAQ or "Fan Support" webpage. Until at

16  least March 13, 2020, Ticketmaster's Fan Support webpage, which is available on its website,

17  stated that "Refunds are available if your event is postponed, rescheduled or canceled" as shown

18  in the screen capture below.

19

20

21

22

23

24

25

26

27

28

1

2        22.     Largely because of this policy, Ticketmaster's users have been willing to pay

3   premium prices for tickets and substantial fees directly to Ticketmaster. A major component of

4   Ticketmaster's value is that refunds would be available for postponed or rescheduled events.

5   Customers that purchased tickets prior to March 13, 2020, including Plaintiff, relied upon this

6   representation at the time that they purchased tickets from Ticketmaster. This statement was a

7   material term of the purchase contracts.

8        23.     As of March 14, 2020, Defendants retroactively changed their refund policies so

9   that visitors to the same webpage were redirected to a new page that said only that refunds were

10  available for cancellations, as shown in the screenshot below:

11

12

13

14

15

16

17      

18

19

20

21

22

23

24      24.     In other words, Defendants now identifies cancellation as the only basis for getting

25  a refund. Refunds are no longer being offered for postponed shows, which are currently

26  postponed indefinitely, or for rescheduled shows, even if ticket holders can't make the new date.

27  Ticketmaster's policy now states that "If the event was moved, postponed, or rescheduled, the

28  [promoter or venue] may set refund limitations." For shows that are postponed indefinitely,

purchasers cannot resell the tickets because it is currently impossible to tell if, or when, the events will be rescheduled.

25.     Joe Berchtold, the president of Live Nation, the company that owns Ticketmaster, said in a recent interview with CNBC "about 90%" of Ticketmaster's events are postponed. (Phillip Trapp, "Here's Why Ticketmaster Won't Give You a Refund for a Postponed Concert," dated April 16, 2020, available at https://loudwire.com/ticketmaster-concert-refunds-live-nation-responds/ (last accessed on April 17, 2020) ("Trapp").) Around 30,000 events have already been postponed as a result of the coronavirus outbreak. By some estimates, consumers have spent more than $1 billion on tickets to disrupted events.

26.     Mr. Berchtold echoed recent projections that estimate that fall 2021 is the ***earliest*** that most major shows will start hitting stages again. (Trapp.)

27.     On or about March 15, 2020, Ticketmaster sent users an email to customers who had purchased tickets for future events that stated: "We are working with the event organizer to identify new dates (for events that are postponed), and we will contact you as soon as we have confirmation. For rescheduled events, that information will be listed on our website by your event. If your event's organizer is offering refunds for a postponed or rescheduled event, this option (a refund link) will be visible under the order in your Ticketmaster account."

**PLAINTIFF'S EXPERIENCE**

28.     Plaintiff Hansen created a Ticketmaster account prior to 2011.

29.     On or about February 12, 2020, Plaintiff purchased two tickets to two separate Rage Against the Machine ("RATM") concerts to take place in Oakland, California. With fees and costs, the four RATM tickets cost Plaintiff approximately $590. The RATM concerts were scheduled to take place on April 21 and 23. Live Nation was the promoter of both the RATM concerts.

30.     On or around March 15, Ticketmaster informed Plaintiff that, due to the coronavirus outbreak, both RATM concerts would be indefinitely "postponed." Ticketmaster, however, would not refund the total amount Plaintiff paid for the RATM concert tickets.

31.     Plaintiff now holds four tickets to two RATM concerts that have been effectively cancelled, will almost certainly be cancelled, and which he bought with a guarantee of a monetary refund for cancellation. But under Defendants' new, post-hoc policy revisions, he will only be provided a refund if, and when, the events are officially cancelled rather than "postponed."

## CLASS ALLEGATIONS

32.     Plaintiff brings this class action lawsuit on behalf of the following proposed class and subclass of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, defined as follows:

> The Class: All natural persons who purchase tickets from Ticketmaster to any event which was subsequently postponed or rescheduled or is postponed or rescheduled at any point from March 14, 2020 until the date that notice of this class action is disseminated to the Class. (Purchases for purposes of resale shall be excluded.)

> The California Subclass: All Class Members who reside in California.

> The Live Nation Subclass: All Class Members who purchased tickets to any event, which was promoted by Live Nation.

33.     This action has been brought and may properly be maintained as a class action against Defendants because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

34.     Numerosity:  Plaintiffs do not know the exact size of the Class, but they estimate it is composed of more than 500 persons. At a minimum, there are tens of thousands of Class Members but very likely many more. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

35.     Common Questions Predominate:  This action involves common questions of law and fact to the potential classes because each class member's claim derives from the same deceptive, unlawful and/or unfair statements and omissions. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover.  The questions of law and fact common to the Class including, but are not limited to, the following:

a.   Whether Defendants' Terms of Use contain unconscionable terms;

b.   Whether Defendants' failure to issue promised refunds constitutes unjust enrichment, a breach of contract, and/or conversion;

c.   Whether Defendants' conduct is violate the CLRA;

d.   Whether Defendants' conduct is unlawful, unfair, or fraudulent in violation of the Unfair Competition Law, California Business and Professions Code §17200, *et seq.*;

e.   Whether Defendants' conduct constitutes untrue or misleading statements within the meaning of California Business and Professions Code § 17500, *et seq.*;

f.   The amount of profits and revenues earned by Defendants as a result of the misconduct;

g.   Whether class members are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

h.   Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

36.   Typicality:  Plaintiff's claims are typical of the claims of other members of the Class because, among other things, all such claims arise out of the same wrongful course of conduct in which the Defendants engaged in violation of law as described herein. Further, the damages of each member of the Class were caused directly by Defendants' wrongful conduct in violation of the law as alleged herein. Plaintiff and the Classes have suffered injury in fact as a result of Defendants' false representations. Plaintiff and the Classes each purchased a ticket to an event originally scheduled to take place after March 20, 2020 that was postponed or rescheduled and for which Defendants refuse to provide a refund. Plaintiff and the Class Members would not have purchased the event tickets if they had known that they would have the option to receive a refund if the event were postponed or rescheduled.

37.   Adequacy of Representation:  Plaintiff will fairly and adequately protect the interests of all class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they

complain. Plaintiff also has no interests that are in conflict with, or antagonistic to, the interests of class members. Plaintiff has retained highly competent and experienced class action attorneys to represent her interests and that of the classes. By prevailing on his own claims, Plaintiff will establish Defendants' liability to all class members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

38.     Superiority:  There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the classes will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

39.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### PLAINTIFF'S FIRST CAUSE OF ACTION
**(Breach of Contract)**

40.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

41.     A contract was formed between Plaintiff and Class members on the one hand and Defendants on the other with respect to purchases made on Defendants' Website.

42.     The contract that governs the transactions at issue in this case includes the Terms

of Use and policies, including the Purchase Policy and Fan Support webpage that were operative as of the date of Plaintiff and the Class Members' purchases.

43.     Plaintiff and the Class performed their obligations under the contract.

44.     Defendants breached the contract when they ceased providing refunds to postponed and rescheduled events as required under its policies.

45.     Defendants' breaches were willful and not the result of mistake or inadvertence.

46.     As a result of Defendants' breach of the contract, Plaintiff and other Class members have been damaged in an amount to be determined at trial.

47.     Plaintiff and Class Members seek, pursuant to Civil Code § 1689(b), to rescind the agreements and contracts relative to the event tickets on the following grounds: "(3) If the consideration for the obligation of the rescinding party becomes entirely void from any cause; . . . (4) If the consideration for the obligation of the rescinding party, before it is rendered to him, fails in a material respect from any cause; . . . (6) If the public interest will be prejudiced by permitting the contract to stand;" and other causes and grounds according to proof.

## PLAINTIFF'S SECOND CAUSE OF ACTION
### (Conversion)

48.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

49.     From the moment of postponement and/or rescheduling of the live events to wish Plaintiff and the Class purchased tickets, Plaintiff and the Class owned and had a right to possess funds in the amount that they paid for tickets to events that were cancelled.

50.     Defendants intentionally and substantially interfered with property belonging to Plaintiff and the Class by taking possession of it, refusing to refund it to Plaintiff, preventing Plaintiff and the Class from having access to it, and/or refusing to return it to Plaintiff after a demand was made for its return.

51.     Plaintiff and the Class did not consent to Defendants' conduct in withholding their funds.

52.     Plaintiff and the Class were harmed by Defendants' conduct.

1   53.     The conduct of each Defendant was a substantial factor in causing this harm to

2   Plaintiff and the Class.

3   54.     As a result of Defendants' conduct, Plaintiff and other Class members have been

4   damaged in an amount to be determined at trial.

5
                    **PLAINTIFF'S THIRD CAUSE OF ACTION**
6                              **(Unjust Enrichment)**

7   55.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint

8   as if set forth herein.

9   56.     Plaintiff and members of the Class conferred benefits on Defendants by paying,

10  and being charged, ticket fees events that have been postponed or rescheduled.

11  57.     Defendants have knowledge of such benefits. Defendants have been unjustly

12  enriched in retaining the revenues derived from Plaintiff and Class members' ticket fees.

13  Retention of those moneys under these circumstances is unjust and inequitable because

14  Defendants are retaining their customers full ticket fees despite postponing or rescheduling the

15  events. These misrepresentations and charges caused injuries to Plaintiff and members of the

16  Class because they would not have paid Defendants' ticket fees had the true facts been known.

17  58.     Because Defendants' retention of the non-gratuitous benefits conferred on them by

18  Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to

19  Plaintiff and members of the Class for their unjust enrichment.

20
                   **PLAINTIFF'S FOURTH CAUSE OF ACTION**
21  **(Violation of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code §
                              1750, *et seq.*)**
22
    59.     Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint
23
    as if set forth herein.
24
    60.     Defendants' actions, representations and conduct have violated, and continue to
25
    violate the CLRA, because they extend to transactions that are intended to result, or which have
26
    resulted, in the sale of services to consumers.
27
    61.     Plaintiff and other class members are "consumers" as that term is defined by the
28
    CLRA in California Civil Code § 1761(d).

62.     The event tickets that Plaintiff and Class Members from Ticketmaster are a "good" and/or "service" within the meaning of Cal. Civ. Code § 1761(a), (b).

63.     The practices described herein, specifically Defendants' acts and practices described herein were intended to result in the sale of event tickets to the consuming public and have violated, and continue to violate, § 1770(a)(2), § 1770(a)(5), § 1770(a)(7), § 1770(a)(9), § 1770(a)(14), § 1770(a)(16), and § 1770(a)(19) of the CLRA. In violation of California Civil Code §1770(a)(2), Defendants' acts and practices constitute improper representations regarding the source, sponsorship, approval, or certification of the services they sold. In violation of California Civil Code §1770(a)(5), Defendants' acts and practices constitute improper representations that the services they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have, e.g., that the event tickets would be refundable if the event was postponed or rescheduled. In violation of California Civil Code §1770(a)(7), Defendants' acts and practices constitute improper representations that the services it sells are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(9), Defendants advertised services with intent not to sell them as advertised. In violation of Cal. Civ. Code § 1770(a)(14), Defendants represented that a transaction involved rights, remedies, and/or obligations, which it does not have or involve. In violation of Cal. Civ. Code § 1770(a)(16), Defendants represented that the subject of a transaction has been supplied in accordance with a previous representation (that refunds would be available) when it was not. Finally, in violation of Cal. Civ. Code § 1770(a)(16), Defendants represented "that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law" and including unconscionable provisions in the Terms of Use.

64.     Plaintiff requests that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). Plaintiff further demands judgment against Defendants under the CLRA for injunctive relief that prevents further inclusion of unconscionable provisions in the Defendants' Terms of Use. If Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and the Class Members will continue to suffer harm.

65.     **CIVIL CODE § 1782 NOTICE**. Plaintiff notices and demands that within thirty (30) days from that date of the filing of this Complaint that Defendants correct, repair, replace or otherwise rectify the unlawful, unfair, false and or deceptive practices complained of herein.

66.     Should the violations herein alleged not be corrected, repaired, replace or rectified as required by Civil Code § 1782 within 30 days with respect to all Class Members, Plaintiff will seek to amend this Class Action Complaint to seek, on behalf of each Class Member, actual damages of at least $1000, punitive damages, an award of $5000 for each Class Member who is a disabled person or senior citizen, and restitution of any ill-gotten gains due to Defendants' acts and practices.

67.     Plaintiff also requests that this Court award him costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"))

68.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

69.     Beginning at an exact date unknown to Plaintiff, but within three (3) years preceding the filing of the Class Action Complaint, Defendants made untrue, false, deceptive and/or misleading statements in connection with the advertising, marketing, and sale of event tickets.

70.     Defendants made representations and statements (by omission and commission) that led reasonable customers to believe that they could receive refunds for the purchase price of tickets paid for events that were postponed or rescheduled because Defendants changed their policies to allow Ticketmaster to continue to retain the full price of customers' tickets to events that were postponed or rescheduled.

71.     Plaintiff and the Class Members relied to their detriment on Defendants' false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth above. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, he would have acted differently by, without limitation, refraining from using or purchasing event tickets.

72.     Defendants' acts and omissions are likely to deceive the general public.

73.     Defendants engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendants have engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

74.     The aforementioned practices, which Defendants used, and continue to use, to its significant financial gain, also constitutes unlawful competition and provides an unlawful advantage over Defendants' competitors as well as injury to the general public.

75.     As a direct and proximate result of such actions, Plaintiff and the Class Members have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff and Class Members lost money or property as a result of Defendants' UCL violations because: (a) they would not have purchased or paid for Defendants' event tickets absent Defendants' representations and omission of a warning that it would retain members' ticket fees if the events were postponed or rescheduled; (b) they would not have purchased tickets on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' tickets based on Defendants' misrepresentations and omissions; and/or (d) Defendants' tickets did not have the characteristics, benefits, or quantities as promised.

76.     Plaintiff seeks, on behalf of himself and the Class Members, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of the false, misleading and deceptive advertising and marketing practices complained of herein, plus interest thereon.

77.     Plaintiff seeks, on behalf of himself and the Class Members, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

78.     Plaintiff seeks, on behalf of himself and the Class Members, an injunction to prohibit Defendants from continuing to engage in the false, misleading and deceptive advertising

and marketing practices complained of herein. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which it is not entitled. Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## PLAINTIFF'S SIXTH CAUSE OF ACTION
### (Common Law Fraud, Deceit and/or Misrepresentation)

79.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

80.     Defendants have fraudulently and deceptively informed Plaintiff and the Class Members that they could receive refunds for the purchase price paid for of tickets to events that were postponed or rescheduled because Defendants retroactively changed the Defendants' policies to allow Ticketmaster to continue to retain the full price of customers' tickets to events that were postponed or rescheduled. Further, Defendants failed to disclose that it would refuse to provide refunds to events that were postponed or rescheduled.

81.     These misrepresentations and omissions were known exclusively to, and actively concealed by, Defendants, not reasonably known to Plaintiff, and material at the time they were made. Defendants' misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to purchase event tickets. In misleading Plaintiff and not so informing Plaintiff, Defendants breached their duty to him. Defendants also gained financially from, and as a result of, their breach.

82.     Plaintiff and the Class Members relied to their detriment on Defendants' misrepresentations and fraudulent omissions. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation: (i) declining to purchase the event tickets, (ii) purchasing fewer

event tickets, or (iii) paying less for the event tickets.

83.     By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiff and those similarly situated to alter their position to their detriment.  Specifically, Defendants fraudulently and deceptively induced Plaintiff and those similarly situated to, without limitation, purchase the event tickets.

84.     Plaintiff and those similarly situated justifiably and reasonably relied on Defendants' misrepresentations and omissions, and, accordingly, were damaged by Defendants.

85.     As a direct and proximate result of Defendants' misrepresentations and/or omissions, Plaintiff and those similarly situated have suffered damages, including, without limitation, the amount they paid for the event tickets.

86.     Defendants' conduct as described herein was wilful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiff and those similarly situated.

**PLAINTIFF'S SEVENTH CAUSE OF ACTION**
**(Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.*)**

87.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

88.     Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the unlawful, unfair, and fraudulent business practices outlined in this complaint.

89.     In particular, Defendants have engaged, and continues to engage, in unlawful practices by, without limitation (i) violating the CLRA as described herein; (ii) violating the FAL as described herein; (iii) a breach of the contract between Plaintiff and Class members on the one hand and Defendants on the other; (iv) conversion; and (v) unjust enrichment.

90.     In particular, Defendants have engaged, and continue to engage, in unfair and fraudulent practices by, without limitation, the following: (i) misrepresenting that the purchase price for tickets to events that were rescheduled or postponed would be refunded; and (ii) failing

to disclose that Defendants would change its policies to prevent customers from obtaining refunds of the purchase price paid for tickets to events that were rescheduled or postponed.

91.     Plaintiff and those similarly situated relied to their detriment on Defendants' unlawful, unfair, and fraudulent business practices. Had Plaintiff and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by, declining to purchase event tickets from Ticketmaster.

92.     Defendants' acts and omissions are likely to deceive the general public.

93.     Defendants engaged in these deceptive and unlawful practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

94.     The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

95.     As a direct and proximate result of such actions, Plaintiff and the other class members, have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. Among other things, Plaintiff and the class members lost the amount they paid for the event tickets.

96.     As a direct and proximate result of such actions, Defendants have enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

97.     Plaintiff seeks, on behalf of himself and those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of the deceptive and/or unlawful trade practices complained of herein, plus interest thereon.

98.     Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described trade practices are fraudulent, unfair, and/or unlawful.

99.     Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit Defendants from continuing to engage in the deceptive and/or unlawful trade practices complained of herein. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which they were not entitled.  Plaintiff, those similarly situated, and the general public, have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, those similarly situated, and the general public, respectfully requests that the Court enter judgment against Defendants as follows:

A. Certification of the proposed Class and Subclasses, including appointment of Plaintiff's counsel as class counsel;

B. An order temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. An award of compensatory damages in an amount to be determined at trial on all causes of action except number four (UCL) and number seven (CLRA), compensatory damages under the CLRA are held in reserve pending completion of the statutory notice period;

D. An award of statutory damages in an amount to be determined at trial on all causes of action except number four (UCL) and number seven (CLRA), statutory damages under the CLRA are held in reserve pending completion of the statutory notice period;

E. An award of punitive damages in an amount to be determined at trial on all causes of action except number four (UCL) and number seven (CLRA), punitive damages under the CLRA are held in reserve pending completion of the statutory notice period;

F. An award of restitution in an amount to be determined at trial;

G.  An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

H.  For reasonable attorney's fees and the costs of suit incurred; and

I.   For such further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: April 17, 2020          **GUTRIDE SAFIER LLP**

*/s Seth A. Safier/s/*
Adam J. Gutride, Esq.
Seth A. Safier, Esq.
Marie McCrary, Esq.
100 Pine Street, Suite 1250
San Francisco, CA 94111

# Exhibit A

DocuSign Envelope ID: 5F5C4B58-0420-4530-BF67-201CC92D6DF4

## EXHIBIT A

I, Derek Hansen, declare:

1.     I am the Plaintiff in this action. If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.     I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3.     I purchased the electronic tickets at issue in this litigation from the Ticketmaster website while in San Francisco or Foster City, California.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this __17th__ day of April 2020, in San Francisco, California.



_____
Derek Hansen

-1-

DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION